# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>PAUL D. WELDON, et al.,<br><br>            Defendants.<br>                                                            / | Case No. 1:18-cv-01318-AWI-SKO<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR CONTINUANCE**<br><br>**(Doc. 58)** |

On September 25, 2018, Plaintiff United States brought this action to reduce Defendant Paul D. Weldon's federal tax assessments to judgment and to foreclose federal tax liens against certain real property. (*See* Doc. 1.) Plaintiff filed a motion for summary judgment on August 24, 2020, which is set to be heard on September 21, 2020. (*See* Doc. 55.)

On August 28, 2020, Defendant, proceeding pro se, filed a "Motion for Continuance of Matter" (the "Motion") requesting a 90-day continuance due to having "an aged Mother that needs attention in transitional matters from assisted living to a more intense level of care" and "for other personal matters that need attention and to further to seek Counsel in All matters." (Doc. 58.) The Court entered a minute order on August 31, 2020, noting that although the Motion did not specify whether the request is directed to all deadlines of only those pertaining to Plaintiff's pending motion for summary judgment, the Court would construe it as seeking to continue the entire case schedule by 90 days. (*See* Doc. 59.) The Court further directed Plaintiff to file a response by no later than September 3, 2020, given the impending deadlines in the case. (*See id.*)

On September 3, 2020, Plaintiff filed an opposition to the Motion, in view of the age of the case, Defendant's past attempts to retain an attorney, and the unclear timeframe required to assist

Defendant's mother. (*See* Doc. 60.) Plaintiff does not oppose to a shorter continuance for Defendant to continue his attempt to retain an attorney and to attend to his mother's needs. (*See id*.)

While good cause exists to grant Defendant a continuance, the Court finds that a continuance of 90 days is excessive, given the age of the case and Defendant's past opportunities to retain an attorney (*see, e.g.,* Doc. 29).  Accordingly, Defendant's Motion (Doc. 58) is GRANTED in PART, and the case deadlines (*see* Docs. 37, 54) are enlarged by approximately 60 days, subject to the Court's availability, as follows:

| EVENT | CURRENT DATE | NEW DATE AND TIME |
|---|---|---|
| Hearing on Plaintiff's Motion for Summary Judgment | September 21, 2020 | November 30, 2020 at 1:30 p.m. |
| Pre-Settlement Telephonic Conference | November 12, 2020 | January 7, 2021 at 4:00 p.m. |
| Settlement Conference | November 19, 2020 | January 14, 2021 at 10:30 a.m. |
| Pretrial Conference | December 2, 2020 | February 4, 2021, at 10:00 a.m. |
| Trial | January 26, 2021 | April 6, 2021, at 8:30 a.m. |

Defendant is advised that any further requests for extensions of time, to the extent not stipulated, **shall be made by a motion pursuant to Local Rule 230 that is filed no later than two weeks before the deadline sought to be enlarged and be supported by good cause.**  Defendant is further advised that a request for continuance based on the need for additional time to retain an attorney will <u>not</u> constitute good cause, as Defendant has had ample opportunity during the two-year pendency of this case in which to do so.

IT IS SO ORDERED.

Dated:   **September 4, 2020**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

2