# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL D. WELDON, STATE OF CALIFORNIA FRANCHISE TAX BOARD, THE COUNTY OF FRESNO, AND THE CITY OF FRESNO<br><br>Defendants. | Case No. 1:18-cv-01318-JLT-SKO<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. 98) |

The United States filed this action on September 25, 2018, pursuant to 26 U.S.C. §§ 7401, 7403 to reduce federal tax assessments against Defendant Paul D. Weldon to judgment and to foreclose federal tax liens on residential property owned by Defendant located at 6519 West Olive Avenue, Fresno, California, 93723 ("the Property"). (Docs. 1, 40.) On January 25, 2023, the Court granted in part and denied in part the United States' motion for summary judgment, finding that Defendant is indebted to the United States in the amount of $767,041.19 for unpaid federal income tax, interest, and penalties for tax years 2000, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2010, 2012, and 2013, less credits according to proof, plus interest and other statutory additions as provided by law. (Doc. 73 at 12.) The Court further ordered that the federal tax liens of the United States upon the Property shall be foreclosed and that the Property shall be sold to satisfy Defendant's outstanding tax liabilities. (*Id.* at 12.) That ruling was affirmed by the

1

1 Ninth Circuit on June 29, 2022 (Doc. 87), with the mandate entering on October 6, 2022. (Doc.
2 90.) The United States was ordered file a proposed order of sale as to real property belonging to
3 Defendant. (*See* Doc. 73 at 13; Doc. 92 at 2.)
4       On July 17, 2023, the United States filed a proposed order of sale as to the Property.
5 (Doc. 93.) On July 28, 2023, Defendant filed a motion to "permanently stay enforcement" of the
6 Court's prior order(s) related to the sale of the Property, arguing, among other things, that his
7 medical condition(s) tip the "balance of hardships . . . sharply and heavily" against entering an
8 order of sale. (Doc. 94.) Defendant asked that the Court instead permanently stay the order of
9 sale and establish a life estate that would allow Defendant to remain in the Property for the
10 remainder of his life. (*See id.*)
11       On August 29, 2023, over Defendant's "objections," which the Court construed as a
12 motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 60, the Court
13 entered an order of sale. Therein, the Court explained:

> Under 26 U.S.C. § 7403, a district court "may decree a sale" of a property subject to a lien of the United States. This power to order the "sale of certain properties to satisfy the tax indebtedness of delinquent taxpayers" extends to "the sale of the family home in which a delinquent taxpayer had an interest at the time he incurred his indebtedness." *United States v. Rodgers*, 461 U.S. 677, 680 (1983). As the Court's summary judgment order explained, (Doc. 73 at 7), under § 7403, this Court has "limited equitable discretion in determining whether to order the sale of property to satisfy delinquent tax liabilities." *United States v. Gibson*, 817 F.2d 1406, 1407 (9th Cir. 1987). "District courts may exercise this limited discretion in individual cases to take into account both the government's interest in prompt and certain collection of delinquent taxes and the possibility that innocent third parties will be unduly harmed by that effort." *Id.* A district court's "limited discretion accorded by § 7403 should be exercised rigorously and sparingly." *Rodgers*, 461 U.S. at 711. Critically, the Supreme Court noted that there are "virtually no circumstances . . . in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself." *Rodgers*, 461 U.S. at 709; *see also United States v. Nichols*, No. 2:13-CV-0167-TOR, 2015 WL 7784878, at *1 (E.D. Wash. Nov. 6, 2015) (granting order of sale where there was no evidence of harm to third parties even though taxpayers argued they were in their late sixties, retired, and had health issues). Though Defendant indicates his parents helped him purchase the Property and created a living trust designed to benefit Defendant (Doc. 94), he points to no third party who will be harmed by ordering the sale of the Property. After considerable independent research, the Court has

>   been unable to locate a single case that has stayed an order of sale under even remotely similar circumstances, and certainly not one that authorizes the Court to create a life estate benefitting Defendant in a property subject to a federal tax lien.
>
>   The tax liability has already been decided, appealed, and reduced to judgment in this case, and Defendant has articulated no legal basis for the Court to decline to issue an order of sale. Accordingly, the United States is entitled to enforce its federal tax liens against the Subject Property under 26 U.S.C. § 7403, sell the Property, and apply the proceeds toward the federal income tax liabilities of the defendant.

(Doc. 97 at 4–6 (footnote omitted).)

On September 6, 2023, Defendant filed a motion for reconsideration. (Doc. 98.) The United States opposed. (Doc. 99.) Once again, Defendant's motion for reconsideration offers no legal basis upon which the Court may create a life estate. Indeed, the Court's own considerable independent legal research on the subject revealed no such legal authority. To be blunt, nothing has changed. This Court is without the authority to do as Plaintiff requests. The motion for reconsideration is therefore **DENIED**.

IT IS SO ORDERED.

Dated:   **September 21, 2023**                                    _____
                                                                                              UNITED STATES DISTRICT JUDGE